UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER BENITEZ, a/k/a
Pedro Juan Figueroa,

        Petitioner,

vs.                                   Case No.   2:08-cv-956-FtM-99DNF
                                          Case No.   2:96-cr-14-FtM-99DNF

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner Peter Benitez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #331)[1] filed on December 22, 2008. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on February 6, 2009 (Cv. Doc. #6).

**I.**

On October 16, 2007, the Court issued a warrant for Petitioner Peter Benitez (petitioner or Benitez) for violation of the supervised release he was then serving. (Cr. Doc. #286). The petition by the Probation Office alleged that Benitez had committed

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

two state offenses of aggravated battery with a deadly weapon by striking Tony Delgado with a framing hammer and by striking Tammy Bartless Figueroa with his vehicle. A final revocation hearing was held before the undersigned on December 20, 2007 (Cr. Doc. #302), and the Court found petitioner to be in violation of his supervised release. The same day Petitioner was sentenced to 24 months imprisonment followed by 24 months supervised release. (Cr. Doc. #305.) No direct appeal was filed.

Petitioner filed this timely § 2255. It appears that petitioner is now on supervised release, having completed the imprisonment portion of his sentence. Nonetheless he meets the "in custody" requirement of § 2255. United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997). Read liberally, petitioner's § 2255 Petition sets forth the following claims: (1) While petitioner was facing 30 to 36 months for the violation of supervised release, he ended up with 48 months. Petitioner seeks to have the 24 months of supervise release terminated; (2) Petitioner was not guilty of the violations of supervised release because he had been acting in self defense. Petitioner also states that he had asked his attorney to file a direct appeal of the conviction for violation of supervised release, but his attorney failed to do so. It is unclear whether petitioner raises this as a separate issue, or is simply stating this as part of the background of the case.

**II.**

It is well settled that a motion under § 2255 is an extraordinary remedy and will not be allowed to substitute for a direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998); Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.), cert. denied, 543 U.S. 891 (2004). This is because "[o]nce a defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982). Generally a defendant must assert an available issue on direct appeal or be procedurally barred from raising the issue in a § 2255 proceeding. United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005); Lynn, 365 F.3d at 1232, 1234; McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001), cert. denied, 536 U.S. 906 (2002); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989), cert. denied, 494 U.S. 1018 (1990). An issue is "available" on direct appeal when its merits can be reviewed without further factual development. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994).

Both issues petitioner now raises could have been raised in a direct appeal. Both the length of a sentence and the sufficiency of the evidence are issues routinely entertained by an appellate court. Therefore, these issues are procedurally defaulted and cannot be raised in this § 2255 petition.

As the Court noted, it is not clear whether petitioner intended to raise ineffective assistance of counsel for failing to file a notice of appeal from the supervised release judgment. Such a claim, if successful, could result in petitioner being allowed a belated direct appeal in which he could raise the issues the Court finds to be barred from this § 2255 petition. If petitioner does intend to pursue this issue, it is apparent that an evidentiary hearing will be required.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **TAKEN UNDER ADVISEMENT**.

2. The Clerk of the Court is directed to appoint the next available attorney from the Criminal Justice Act list, not the Federal Public Defender's Office, to represent petitioner in this matter.

3. The Clerk shall add Mr. Benitez's current address of 129 Madonna Drive, Fort Myers, Florida, 33905, to the docket and send a copy of this Order to the address.

4. Petitioner and his new counsel shall confer and determine whether petitioner wishes to pursue the lack of a direct appeal from the supervised release violation as an issue in this § 2255

motion.  If so, counsel shall advise the Court within **THIRTY (30) DAYS** of the date of this Opinion and order.

5.  If petitioner wishes to pursue the issue of the lack of a direct appeal, then pursuant to the Rules Governing § 2255 Cases in the United States District Courts, Rule 8(b), that portion of Petitioner's Motion to Vacate, Set Aside or Correct Sentence is referred to the Honorable Douglas N. Frazier, United States Magistrate Judge, in accordance with 28 U.S.C. § 636(b), for the purposes of holding an evidentiary hearing and submitting a report and recommendation regarding the issue relating to ineffective assistance of counsel.

6.  The evidentiary hearing shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation.  RULES GOVERNING § 2255 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 8(c).

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of August, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Clerk of Court
Counsel of record
Peter Benitez